UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAAVEDRA PENA, MAGADALENA YANETH ) File No.: A# 209-001-720
MANCIA SAAVEDRA, MATEO XAVIER )
File No.: A# 209-001-721
MANCIA SAAVEDRA, CAMILA NICOLE )
File No.: A#209-001-722

    *Petitioners-Plaintiff*s

v.

**KENNETH GENALO**, New York Field Office Director, Immigration and Customs Enforcement;

**TODD LYONS**, Acting Director, U.S. Immigrations and Customs Enforcement;

**KRISTI NOEM**, Secretary, U.S. Department of Homeland Security;

**PAMELA BONDI**, Attorney General of the United States,

    *Respondents-Defendants*.

Case No.

*Oral Argument Requested*

---

### EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Petitioner, MAGDALENA YANETH SAAVEDRA PENA, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for the issuance of a Temporary Restraining Order ("TRO") prohibiting Respondents, their officers, agents, employees, and all persons acting in concert with them from transferring Petitioner outside the jurisdiction of the Southern District of New York and/or removing him from the United States while his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed contemporaneously, remains pending.

**Grounds for Relief**

In support of this Motion, Petitioner states as follows:

1. **The Petitioner, a family of three, are to be put on the plane immediately forthwith by DHS, as told to her this morning by ICE agents.**
2. Petitioners are currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the New York ICE Field Office located at 26 Federal Plaza, New York, New York, where they he have been held since their warrantless arrest this morning on February 12, 2026. Petitioner has filed an emergency Petition for Writ of Habeas Corpus challenging the legality and constitutionality of his arrest and detention, including violations of the Fourth Amendment, the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, and the Accardi doctrine.
3. Petitioner faces an imminent risk of transfer and/or removal before this Court can adjudicate his habeas petition. ICE routinely transfers detainees outside the District or removes them on short notice, which would moot the Court's jurisdiction and frustrate meaningful judicial review.
4. Petitioner is not a danger to the community and poses no flight risk. She has no criminal history, has lived peacefully in New York City, maintained steady employment, and has longstanding community ties.
5. Transfer or removal at this stage would cause immediate and irreparable harm, including:
    - Severing Petitioner's access to counsel;
    - Interfering with his ability to litigate his habeas claims;

- o Depriving this Court of effective jurisdiction; and
- o Risking Petitioner's removal based on an order entered without constitutionally adequate notice.

6. Emergency relief is necessary to preserve the status quo, protect Petitioner's constitutional rights, and ensure that this Court can meaningfully adjudicate the serious constitutional and statutory violations raised in the habeas petition.

7. Petitioner has demonstrated:
    - o Likelihood of success on the merits, given the absence of probable cause for arrest, lack of procedural safeguards, and unlawful detention;
    - o Irreparable harm absent injunctive relief;
    - o Balance of equities tipping sharply in Petitioner's favor; and
    - o That the public interest is served by preventing unlawful detention and ensuring compliance with constitutional requirements.

Requested Relief

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Issue an immediate Temporary Restraining Order enjoining Respondents from:
2. Transferring Petitioner outside the Southern District of New York; and

    Removing Petitioner from the United States pending resolution of the habeas petition;

3. Issue an Order to Show Cause directing Respondents to appear and explain why a preliminary injunction should not issue maintaining this relief during the pendency of the habeas proceedings

4. Waive any bond requirement, as Petitioner seeks to vindicate fundamental constitutional rights and faces imminent irreparable harm; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *S. Michael Musa-Obregon*

S. Michael Musa-Obregon, Esq.
Musa-Obregon Law PC
140 Grand Street, Suite 301
White Plains. NY 11378
914-380-1436
michael@musa-obregon.com