UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: February 12, 2026
```

MAGDALENA YANETH SAAVEDRA
PENA et al.,

                          Petitioners,

                -v.-

KENNETH GENALO et al.,

                          Respondents.

26 Civ. 01183 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      In their petition pursuant to 28 U.S.C. § 2241, ECF No. 1, Petitioners allege that "[t]he current action by DHS to remove Ms. Pena and her children from the United States is not in compliance with federal law, as DHS had a period of 90 days to carry out the removal order but failed to do so." ECF No. 1 ¶ 26. Petitioners further aver that, "[a]fter the 90 days, DHS must file an order of supervision that governs the custody conditions for [the] family." *Id.* According to Petitioners, "DHS *never filed an order of supervision* and thus is in violation since it will arrest, detain, and arrest [sic] [Petitioner Pena's] family." *Id.* ¶ 27 (emphasis added).

      Petitioners also assert, however, that they have "a history of perfect compliance with the requirements and conditions of supervised release," and that in the past, "DHS elected not to detain Petitioners and instead continued releases, subject to . . . terms of supervision." *Id.* ¶ 33; *see id.* ¶ 58 ("Ms. Pena has continuously fully complied with every requirement and condition subsequently imposed upon her by ICE and by the Intensive Supervision Appearance Program ('ISAP'), the Alternative to Detention ('ATD') Program in which Ms. Pena enrolled at ICE's direction."). Indeed, Ms. Pena supposedly has "wor[n] [an] ankle monitor continuously for one year in the past, as required, and most recently during the last four months as well." *Id.* ¶ 62.

Petitioners further allege that "Petitioner has never violated a condition of [her] order of supervision and no new facts or changed circumstances suggest she would." *Id.* ¶ 109.

By **February 16, 2026**, Petitioners shall file a letter explaining the basis for Ms. Pena "w[earing] an ankle monitor . . . during the last four months" after not having worn such a device since "one year in the past." *Id.* ¶ 62. The letter should further address (1) how Petitioners knew of any conditions of release if DHS "never filed an order of supervision," *id.* ¶ 27, as well as (2) the status of the "order of supervision" referenced in paragraph 109 of the Petition.

SO ORDERED.

Dated: February 12, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge