USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: February 12, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAGDALENA YANETH SAAVEDRA
PENA et al.,

                Petitioners,

           -against-

KENNETH GENALO et al.

                Respondents.

---

26 Civ. 01183 (JHR)

ORDER

**JENNIFER H. REARDEN, District Judge:**

On February 12, 2026, Petitioners Magdalena Yaneth Saavedra Pena, Mateo Xavier Mancia Saavedra, and Camila Nicole Mancia Saavedra filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* ECF No. 1.

Petitioners allege that they were arrested today and informed that they were "to be put on [a] plane immediately forthwith by DHS."  ECF No. 2 at 2.  At a conference before the Court this afternoon, Assistant United States Attorney Jeffrey Oestericher stated on behalf of Respondents that Petitioners were likely to be transferred this evening to a facility in Louisiana that could accommodate a family[1] but were not scheduled to be deported until next week.

To preserve the Court's jurisdiction pending a ruling on the petition, Petitioners shall not be removed from the United States.[2]  *See Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court

---

[1] This "transfer [would] not deprive this Court of subject matter jurisdiction."  *Sun v. Almodovar*, No. 25 Civ. 9262 (PKC), 2025 WL 3241268, at *1 n.1 (S.D.N.Y. Nov. 20, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 n.14 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction . . . .").

[2] Petitioners' Emergency Motion for Temporary Restraining Order and Order to Show Cause, also filed today, *see* ECF No. 2, requests that the Court "[i]ssue an immediate Temporary Restraining Order enjoining Respondents from . . . [t]ransferring Petitioner outside the Southern District of New York . . . and [r]emoving Petitioner from the United States pending resolution of the habeas petition."  *Id.* at 3.  The Court is issuing the instant injunction only for purposes of "protect[ing] [its] jurisdiction."  *See Longshoremen's*, 965 F.2d at 1237.  The Court does not address Petitioners' Emergency Motion herein.

acquires jurisdiction over the subject matter of, and the parties to, the litigation, 'the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction.'"); *Du v. United States Dep't of Homeland Sec.*, No. 25 Civ. 0644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."); *Pena v. Lynch*, 257 F. Supp. 3d 346 (S.D.N.Y. 2017) (holding that petitioner's removal from the United States "render[ed] . . . moot" a habeas petition that challenged immigration detention); *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) ("In this case, the petitioner was removed from the United States and is no longer 'in custody.' Therefore, insofar as the petitioner requested to be released from custody, the petition no longer presents a live controversy and is moot.").

## CONCLUSION

**No later than tomorrow, February 13, 2026, Petitioners' counsel shall (1) serve Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order, to the Civil Division of the U.S. Attorney's Office, and (2) promptly file proof of such service on the docket.** Counsel for Respondents shall promptly enter notices of appearance.

SO ORDERED.

Dated: February 12, 2026

_____
JENNIFER H. REARDEN
United States District Judge

2